1  Jack Perko, State Bar No. 164529
   LAW OFFICES OF JACK PERKO
2  26895 Aliso Creek Road, Suite B66
   Aliso Viejo, CA 92656
3  Tel: (818) 674-0948
   Fax: (949) 916-1039
4
   Attorney for Plaintiff
5  David Hoffman

6
   Barrett K. Green, State Bar No. 145393
7  Ian T. Wade, State Bar No. 229150
   LITTLER MENDELSON
8  A Professional Corporation
   2049 Century Park East, 5th Floor'
9  Los Angeles, CA 90067
   Tel: (310) 553-0308'
10 Fax: (310) 553-5583

11 Attorneys for Defendant
   State Farm Automobile Insurance Company
12

13
                    UNITED STATES DISTRICT COURT
14
                   CENTRAL DISTRICT OF CALIFORNIA
15

16
17 DAVID HOFFMANN, an individual        CASE NO. EDCV 12-00647 JAK(Ex)

18              Plaintiff,
          vs.
19                                        [PROPOSED] ORDER RE
   STATE FARM MUTUAL               STIPULATED PROTECTIVE
20 AUTOMOBILE INSURANCE            ORDER
   COMPANY, DON FRANCO, FRANK
21 BROWN and DOES 1 - 25, inclusive,

22              Defendants.

23
                                   Assigned to: Hon. John A. Kronstadt
24                                 Complaint Filed: January 19, 2012
                                   Removal Filed: April 27, 2012
25

26

27

28

────────────────────────────────────────
              ORDER RE STIPULATED PROTECTIVE ORDER

FILED
CLERK, U.S. DISTRICT COURT

NOV - 1 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1

2

3

4

5

6

7

8

9

10

11 UNITED STATES DISTRICT COURT

12 CENTRAL DISTRICT OF CALIFORNIA

13

14 DAVID HOFFMANN, an individual

CASE NO. EDCV 12-00647 JAK(Ex)

15        Plaintiff,

16   vs.

**ORDER RE STIPULATED PROTECTIVE ORDER**

17 STATE FARM MUTUAL
AUTOMOBILE INSURANCE

18 COMPANY, DON FRANCO, FRANK

19 BROWN and DOES 1 - 25, inclusive,

20       Defendants.

Assigned to: Hon. John A. Kronstadt
21 Complaint Filed: January 19, 2012
Removal Filed: April 27, 2012

22

23

24

25

26

27

28

## ORDER

1       WHEREAS, Plaintiff David Hoffmann and Defendant State Farm Mutual

2  Automobile Insurance Company have entered into a Stipulated Protective Order in

3  the above-referenced matter attached hereto as Exhibit A;

4       IT IS HEREBY ORDERED THAT:

5       The Stipulated Protective Order attached hereto as Exhibit A is approved

6  and so ordered.

7       IT IS SO ORDERED.

DATED: 11/1/12

By _____

~~John A. Kronstadt~~  CHARLES F. EICK

Judge of the United States District
Court

Firmwide:115750310.1 021168.1108

---

ORDER RE STIPULATED PROTECTIVE ORDER

# EXHIBIT A

1  Jack Perko, State Bar No. 164529
   LAW OFFICE OF JACK PERKO
2  26895 Aliso Creek Road, Suite B66
   Aliso Viejo, CA 92656
3  Tel: (818) 674-0948
   Fax: (949) 916-1039
4
   Attorney for Plaintiff
5  David Hoffmann
6
   Barrett K. Green, State Bar No. 145393
7  Ian T. Wade, State Bar No. 229150
   LITTLER MENDELSON
8  A Professional Corporation
   2049 Century Park East, 5th Floor
9  Los Angeles, CA 90067
   Tel:  (310) 553-0308
10 Fax:  (310) 553-5583
11
12 Attorneys for Defendant
   State Farm Mutual Automobile Insurance Co.
13
14
15                 UNITED STATES DISTRICT COURT
16          FOR THE CENTRAL DISTRICT OF CALIFORNIA
17 DAVID HOFFMANN, an individual      )
                                      )  CASE NO. EDCV 12-00647 JAK(Ex)
18                                    )
            Plaintiff,                )
19                                    )
       vs.                            )  **STIPULATED PROTECTIVE**
20                                    )  **ORDER**
21 STATE FARM MUTUAL                  )
   AUTOMOBILE INSURANCE               )
22 COMPANY, DON FRANCO,               )
23 FRANK BROWN and DOES 1 - 25,       )
   inclusive,                         )  Assigned to:  Hon. John A. Kronstadt
24                                    )  Complaint Filed: January 19, 2012
25          Defendants.               )  Removal Filed:  April 27, 2012
                                      )
26                                    )
27 ────────────────────────────────────
28     To expedite the flow of discovery material, facilitate the prompt resolution

1  of disputes over the confidentiality of information, adequately protect material

2  entitled to be kept confidential, and ensure that protection is afforded only to

3  material so entitled, it is **STIPULATED** as follows:

4      **1.0.**   **Definitions.**

5          1.1   Party:  Any party to this action, including all of its officers,

6  directors, employees, and in-house counsel (and their support staff).

7          1.2   Disclosures or Discovery Material:  All items or information,

8  regardless of the medium or manner generated, stored, or maintained (including,

9  among other things, testimony, transcripts, documents or tangible things) that are

10 produced or generated in disclosures or responses to discovery in this matter.

11         1.3   "Confidential" Information or Items:

12           (i)   Information or records obtained from any of Plaintiff's

13 past or present health care providers, whether received via

14 authorization, subpoena, or otherwise;

15           (ii)   Information or records concerning Plaintiff's eligibility

16 for State Disability, Social Security, Supplemental Security Income

17 (SSI), Medicare, Medicaid, or Unemployment Insurance; and

18           (iii)   Information designated in good faith as "Confidential"

19 by a Party.

20           (iv) With respect to confidential information as identified in

21 1.3(i-iii), documents that already are in the possession of a Party or

22 are obtained through other means outside of this lawsuit are not

23 transmuted into confidential records simply because they were also

24 produced by a Party pursuant to this protective order.

25         1.4   Designating Party:  A Party or non-party that designates its

26 Disclosures or Discovery Material as "Confidential".

27         1.5   Receiving Party:  A Party that receives Disclosures or

28 Discovery Material from a Designating Party.

1       1.6   Protected Material: Any Disclosure or Discovery Material that
2 constitutes Confidential Information as described herein.

3       1.7   Outside Counsel: Attorneys who are not employees of a Party
4 but who are retained to represent or advise a Party in this action.

5       1.8   In-House Counsel: Attorneys who are employees of a Party.

6       1.9   Counsel (without qualifier): Outside Counsel and In-House
7 Counsel (as well as their support staffs).

8       1.10   Expert: A person with specialized knowledge or experience in
9 a matter pertinent to the litigation who has been retained by a Party or its Counsel
10 to serve as an expert witness or as a consultant in this litigation; and who is not a
11 past or a current employee of a Party and who, at the time of retention, was not
12 anticipated to become an employee of a Party. This definition includes a
13 professional jury or trial consultant retained in connection with this litigation.

14       1.11   Professional Vendors: Persons or entities that provide
15 litigation support services (e.g., photocopying, videotaping, translating, preparing
16 exhibits or demonstrations, organizing, storing, retrieving data in any form or
17 medium; etc.) and their employees and subcontractors.

18   **2.0**   **Scope.**

19       The protections conferred by this Protective Order cover not only Protected
20 Material (as defined above), but also any information copied or extracted
21 therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus
22 testimony, conversations, or presentations by parties or counsel to or in court or in
23 other settings that would reveal Protected Material.

24   **3.0**   **Duration.**

25       Even after the termination of this litigation, the confidentiality obligations
26 imposed by this Protective Order shall remain in effect until a Designating Party
27 agrees otherwise in writing or a Court orders otherwise.

28   **4.0**   **Designating Protected Material.**

1             4.1    Exercise of Restraint and Care in Designating Disclosure or

2 Discovery Material for Protection.  Each Party or non-party that designates

3 Disclosures or Discovery Material for protection under this Order must take care

4 to limit any such designation to specific Disclosures or Discovery Material that

5 qualifies under the appropriate confidentiality standard.  A Designating Party must

6 take care to designate for protection only those parts of the Disclosures or

7 Discovery Material, so that other portions of the Disclosures or Discovery

8 Material for which protection is not warranted are not swept unjustifiably within

9 the ambit of this Protective Order.

10             If it comes to a Designating Party's attention that Disclosures or

11 Discovery Material that that party designated for protection does not qualify for

12 protection at all, or does not qualify for the level of protection initially asserted,

13 that Designating Party must promptly notify all other parties that it is withdrawing

14 the improper designation.

15             4.2    Manner and Timing of Designations.  Except as otherwise

16 provided in this Protective Order (see, e.g., second paragraph of section 4.2(a),

17 below), or as otherwise stipulated or ordered, Disclosures or Discovery Material

18 that qualifies for protection under this Protective Order must be clearly so

19 designated before such material is disclosed or produced.  Designation in

20 conformity with this Protective Order requires:

21             4.2(a) For Disclosures or Discovery Material in documentary

22 form (apart from transcripts of depositions or other pretrial proceedings), that the

23 Designating Party affix the legend "CONFIDENTIAL" prominently on each page

24 that contains Protected Material.  If only a portion or portions of a document or

25 material on a page qualifies for protection, the Designating Party also must clearly

26 identify the protected portion(s) (e.g., by making appropriate markings in the

27 margins.

28       A Party or non-party that makes original Disclosures or Discovery Material

1 available for inspection need not designate them for protection until after the
2 inspecting Party has indicated which Disclosures or Discovery Material it seeks to
3 have copied and produced. During the inspection and before the designation, all
4 of the Disclosures or Discovery Material made available for inspection shall be
5 deemed " Confidential ." After the inspecting Party has identified the Disclosures
6 or Discovery Material it seeks to have copied and produced, the Designating Party
7 must determine which, if any, Disclosures or Discovery Material, or portions
8 thereof, qualify for protection under this Protective Order. Prior to producing the
9 specified Disclosures or Discovery Material, the Designating Party must affix the
10 legend "Confidential" prominently on each page as set forth above.

11        4.2(b) For Disclosures or Discovery Material in the form of
12 testimony given in deposition or in other pretrial proceedings, that the Party or
13 non-party offering the testimony identify on the record, before the close of the
14 deposition, hearing, or other proceeding, all protected testimony, and further
15 specify any portions of the testimony that qualify as "Confidential".

16        Any Party may also designate testimony that is entitled to protection by
17 notifying all Parties in writing within twenty (20) days of receipt of the transcript,
18 of the specific pages and lines of the transcript which should be treated as
19 "Confidential" thereafter. Each Party shall attach a copy of such written notice or
20 notices to the face of the transcript and each copy thereof in its possession,
21 custody or control. Unless otherwise indicated, all deposition transcripts shall be
22 treated as "Confidential" for a period of twenty (20) days after the receipt of the
23 transcript. Transcript pages containing Protected Material must be separately
24 bound by the court reporter, who must prominently affix on each such page the
25 legend "Confidential" as instructed by the Party or non-party offering or
26 sponsoring the witness or presenting the testimony.

27        4.2(c) For Disclosures or Discovery Material produced other
28 than in documentary or testimony form, and for any other tangible items, that the

1  Designating Party affix in a prominent place on the exterior of the container in
2  which or disk (or similar device) on which the information or item is stored the
3  legend "Confidential". If only portions of the information or item warrant
4  protection, the Designating Party, to the extent practicable, shall identify the
5  protected portions as "Confidential".

6          4.3    Inadvertent Failures to Designate. An inadvertent failure to
7  designate qualified information or items as "Confidential" does not, standing
8  alone, waive the Designating Party's right to secure protection under this
9  Protective Order for such material. If any Disclosures or Discovery Material is
10  appropriately designated as "Confidential" after the material was initially
11  produced, the Receiving Party, on notification of the designation, must make
12  reasonable efforts to assure that the material is treated in accordance with the
13  provisions of this Protective Order.

14          4.4    Nonparty Designations During Deposition. During the
15  deposition of any nonparty, the nonparty may designate any Disclosures or
16  Discovery Material as "Confidential" so long as it is conducted in good faith.
17  Further, any nonparty seeking to invoke any protection accorded by the Protective
18  Order must either provide a copy of the "Agreement to Be Bound by Protective
19  Order" (attached as Exhibit A) executed by the nonparty to all counsel of record
20  for the Parties or so agree on the record during the deposition.

21          4.5    Confidential Information Deemed to be Designated
22  "Confidential. Notwithstanding anything herein to the contrary, all information
23  defined as "Confidential" in Paragraphs 1.3 (i) and 1.3 (ii) shall be deemed to be
24  designated as "Confidential", irrespective of whether or not the material has been
25  designated as such.

26      5.    **Challenging Confidentiality Designations.**

27

28

5.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 <u>Meet and Confer</u>. A Party who elects to initiate a challenge to a Designating Party's confidentiality designation must first meet and confer in good faith with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation within 7 days of the first meet and confer effort. A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process.

5.3 <u>Judicial Intervention</u>. If the parties are unable to resolve the challenge, the Designating Party may, within 45 days of first notification of the challenge to its confidentiality designation or by such time as the parties otherwise agree, commence the process set forth in Local Rule 37-2 to obtain an order confirming the confidentiality of the material designated as "Confidential" and challenged by any other Party. The process set forth in Local Rule 37-2 is "commenced" upon delivery by the Designating Party to the challenging party the Designating Party's portion of a Joint Stipulation in support of a discovery motion seeking entry of a confirmatory protective order. A party who fails to commence the process under Local Rule 37-2 to obtain a confirmatory order within the 45-day period set forth immediately above shall be estopped from later claiming confidentiality of the Confidential Information.

1       The burden of persuasion in any such challenge proceeding shall be on the

2 Designating Party. Until the Court rules on any challenge or the 45-day period

3 described above lapses without initiation of the process set forth in Local Rule 37-

4 2, all Parties shall continue to afford the material in question the level of

5 protection to which it is entitled under the Designating Party's designation.

6       **6.0**   **Access To And Use Of Protected Material.**

7       6.1   <u>Basic Principles.</u> A Receiving Party may use Protected

8 Material that is disclosed or produced by another Party or by a non-party in

9 connection with this case only for prosecuting, defending, or attempting to settle

10 this litigation. Such Protected Material may be disclosed only to the categories of

11 persons and under the conditions described in this Protective Order. When the

12 litigation has been terminated, a Receiving Party must comply with the provisions

13 of Section 10 below.

14       Any Material, or any part thereof, designated as "CONFIDENTIAL" shall

15 be used only for the preparation and trial of this action, including discovery, pre-

16 trial proceedings, motions, mediations, arbitrations, trial, appellate proceedings

17 and petitions for reconsideration and/or review, and shall not be used for any

18 business, commercial or other purpose. Further, nothing in this Confidentiality

19 Order (a) affects, in any w..y, the use or admissibility of any documents,

20 testimony, or other evidence at mediation, arbitration, settlement conference, or

21 trial or (b) restricts the use of information obtained from sources other than

22 discovery conducted under the terms of this Confidentiality Order.

23       Protected Material must be maintained by a Receiving Party at a location

24 and in a secure manner that ensures that access is limited to persons authorized

25 under this Protective Order.

26       6.2   <u>Disclosure of "Confidential" Information or Items.</u> Unless

27 otherwise ordered by the Court or permitted in writing by the Designating Party, a

28 Receiving Party may disclose any information or item designated "Confidential"

1  only to the following:

2          6.2(a)  Counsel to whom disclosure is reasonably necessary for

3  this litigation and the secretarial, clerical and paralegal staff of each, and other

4  persons or entities retained by such counsel to provide litigation-related services,

5  including deposition notaries and staff;

6          6.2(b)  Experts (as defined in this Protective Order) of a Party

7  to whom disclosure is reasonably necessary for this litigation;

8          6.2(c)  The Court and its personnel;

9          6.2(d)  Court reporters, their staffs, and professional vendors to

10  whom disclosure is reasonably necessary for this litigation;

11          6.2(e)  During their depositions, witnesses in the action to

12  whom  disclosure  is  reasonably  necessary.  Pages of transcribed deposition

13  testimony or exhibits to depositions that contain Protected Material must be

14  separately bound by the court reporter and may not be disclosed to anyone except

15  as permitted under this Protective Order;

16          6.2(f)  The author of or recipient of the Protected Material or

17  the original source of the information;

18          6.2(g)  Professional vendors;

19          6.2(h)  The Parties to this litigation and their current directors,

20  officers and employees;

21          6.2(i)  Any mediators or arbitrators utilized in this litigation;

22          6.2(j)  Witnesses who are being prepared by counsel to give

23  testimony at a deposition or at trial, or who are being examined by counsel at a

24  deposition or at trial.

25    **7.**  **Protected Material Subpoenaed Or Ordered Produced In Other**

26        **Litigation.**

27      If a Receiving Party is served with a subpoena or a Court order issued in

28  other litigation that would compel disclosure of any information or items

1  designated in this action as "Confidential" the Receiving Party must immediately
2  notify the Designating Party, in writing and in no event more than five (5) court
3  days after receiving the subpoena or Court order. Such notification must include a
4  copy of the subpoena or Court order.

5      The Receiving Party also must immediately inform in writing the Party who
6  caused the subpoena or order to issue in the other litigation that some or all the
7  Protected Material covered by the subpoena or order is the subject of this
8  Protective Order. In addition, the Receiving Party must deliver a copy of this
9  Protective Order promptly to the Party in the other action that caused the subpoena
10 or order to issue.

11     The purpose of imposing these duties is to alert the interested parties to the
12 existence of this Protective Order and to afford the Designating Party in this case
13 an opportunity to try to protect its confidentiality interests in the Court from which
14 the subpoena or order issued. The Designating Party shall bear the burdens and
15 the expenses of seeking protection in that court of its Protected Material – and
16 nothing in these provisions should be construed as authorizing or encouraging a
17 Receiving Party in this action to disobey a lawful directive from another Court.

18     **8.    Unauthorized Disclosure Of Protected Material.**

19     If a Receiving Party learns that, by inadvertence or otherwise, it has
20 disclosed Protected Material to any person or in any circumstance not authorized
21 under this Protective Order, the Receiving Party must immediately (a) notify in
22 writing the Designating Party of the unauthorized disclosures, (b) use its best
23 efforts to retrieve all copies of the Protected Material, (c) inform the person or
24 persons to whom unauthorized disclosures were made of all the terms of this
25 Order, and (d) request such person or persons to execute the "Acknowledgment
26 and Agreement to Be Bound" (attached as Exhibit A).

27     **9.    Filing Protected Material.**

28     In the event that counsel for any party desires to file with the Court any

1 | document which includes any Protected Material, such document shall be filed
2 | separately in a sealed envelope pursuant to Central District of California Local
3 | Rule 79-5.1, upon which shall prominently appear the following statement:

4 |       **This envelope contains documents subject to a**
5 |       **Stipulated Protective Order concerning the use of**
6 |       **confidential discovery material entered by the Court**
7 |       **in this action. This envelope shall not be opened, nor**
8 |       **shall the contents be displayed or revealed except by**
9 |       **order of the Court.**

10 |     This Section shall not apply to the Parties' submission of exhibits for trial,
11 | nor the handling of exhibits during trial.

12 |     **10.   Final Disposition.**

13 |     Unless otherwise ordered or agreed in writing by the Designating Party,
14 | after the final termination of this litigation, including any appeals, if a Designating
15 | Party requests in writing the return or destruction of any or all of its Protected
16 | Material to the Receiving Party, within thirty (30) days of such request, the
17 | Receiving Party must submit a written certification, under penalty of perjury, to
18 | the Designating Party that all Protected Material was returned or destroyed,
19 | including any copies, abstracts, compilations, summaries or other forms of
20 | reproducing or capturing any of the Protected Material. Notwithstanding this
21 | provision, Outside Counsel may retain an archival set of copies of Protected
22 | Material. Any such archival copies that contain or constitute Protected Material
23 | remain subject to this Protective Order as set forth in Section 4 above.

24 |     **11.   Inadvertent Production of Privileged Documents.**

25 |     Inadvertent production of any document or information which a party later
26 | claims should not have been produced because of a privilege, including but not
27 | limited to attorney-client or work product privilege ("Inadvertently Produced
28 | Privileged Document"), will not be deemed to waive any privilege. A party may

1    request the return of any Inadvertently Produced Privileged Document. A request
2    for the return of an Inadvertently Produced Privileged Document shall identify the
3    document inadvertently Produced and the basis for withholding such document
4    from production. If a party requests the return, pursuant to this paragraph, of any
5    Inadvertently Produced Privileged Document then in the custody of another party,
6    the possessing party shall within three (3) days return to the requesting party the
7    Inadvertently Produced Privileged Document and all copies thereof and shall not
8    make use of such documents or information in this proceeding or otherwise. The
9    party returning such material may then move the Court for an order compelling
10   production of the documents or information, but said party shall not assert as a
11   ground for entering such an order the fact or circumstances of the inadvertent
12   production.

13

14

15

16                               CONTINUED ON NEXT PAGE

17

18

19

20

21

22

23

24

25

26

27

28

**12.   Miscellaneous.**

12.1   <u>Right to Further Relief</u>.   Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

**IT IS SO STIPULATED.**

DATED: October 18, 2012            **LAW OFFICES OF JACK PERKO**

                                   By: _____
                                       JACK PERKO
                                       Attorneys for Plaintiff
                                       DAVID HOFFMANN

DATED: October 23 2012             **LITTLER MENDELSON APC**

                                   By: _____
                                       BARRETT K. GREEN
                                       IAN T. WADE
                                       Attorneys for Defendant
                                       STATE FARM MUTUAL
                                       AUTOMOBILE INSURANCE
                                       CO.

1
2

**Exhibit A**
Agreement to be Bound By Protective Order

3

4
5
6
7
8
9
10
11

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *David Hoffmann v. State Farm Mutual Automobile Insurance Company.*, C.D. Cal. Case No. EDCV 12-00647 JAK(Ex), and hereby agree to comply with and be bound by the terms and conditions of the Protective Order unless and until modified by further order of the Parties or this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

12
13

Signature: _____

14

Printed Name: _____

15
16

Dated: _____

17
18
19
20
21
22
23
24
25
26
27
28